# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID B. WILBURN,**

        Petitioner,

  v.                                                                               Case No. 04-C-59

**TOM KARLEN,**

        Respondent.

## DECISION AND ORDER ON THE
## PETITION FOR A WRIT OF HABEAS CORPUS

On January 20, 2004, David B. Wilburn ("Wilburn") filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Honorable William C. Griesbach conducted a preliminary review of Wilburn's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and, after finding that Wilburn was not plainly unentitled to relief, ordered that the respondent answer the petition. The parties then consented to the exercise of jurisdiction by the magistrate judge, and the case was transferred to this court.

On March 8, 2004, the respondent filed its answer but also filed a motion to dismiss, claiming that Wilburn has failed to exhaust available state court remedies and that Wilburn's petition is barred for procedural default.

On March 9, 2005, this court issued an order denying the respondent's motion to dismiss and ordered that Wilburn's petition be stayed until Wilburn file a statement with the court that he has either exhausted his state remedies or has decided not to pursue his unexhausted claims. On March 21, 2005, Wilburn filed a letter with this court indicating that he would not pursue his unexhausted claims. Therefore, the pleadings on Wilburn's petition are closed and the matter is ready for resolution.

**STANDARDS OF REVIEW**

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in Williams v. Taylor, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different

-2-

from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under § 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." § 2254(e)(1). Rice v. Collins, 546 U.S. 333, 339 (2006) (citing Miller-El v. Dretke, 545 U.S. 231, 240 (2005)).

With the § 2254(d) and (e)(1) standards in mind, the court will now turn to the issues raised by the petitioner.

**ANALYSIS**

In support of his petition, Wilburn claims: (1) that he was denied effective assistance of counsel; and (2) that his conviction was obtained by the failure of the prosecution to disclose favorable evidence. Wilburn also states that the presentence investigation ("PSI") report contained inaccurate information, although this claim is not clearly set forth as an independent basis for relief.

In regard to his first basis for relief, Wilburn claims that his counsel was ineffective because she failed to disclose her previous representation of a potential witness; failed to investigate the assistant district attorney, who Wilburn believes was a participant in the charged offense; and failed to investigate

-3-
Case 1:04-cv-00059-AEG    Filed 10/31/07    Page 3 of 7    Document 25

the facts and events leading to Wilburn's conviction, even after being informed of the assistant district attorney's alleged involvement. (Pet. ¶ 22B.)

With respect to his second basis for relief, the respondent's sole focus is that the state failed to disclose favorable evidence—namely, evidence that the officer who arrested Wilburn wore a wire during the events that led to his arrest. Wilburn believes that a recording of the events leading to his arrest would have revealed his innocence, alerted him to the fact that the assistant district attorney was a confidential informant, and demonstrated entrapment by the state. (Pet. ¶ 22A.)

The respondent claims that Wilburn failed to raise this basis for relief when he appealed his conviction to the Wisconsin Court of Appeals and petitioned the Wisconsin Supreme Court. Although Wilburn discussed the assistant district attorney's presence during the events leading to his arrest, the respondent argues that Wilburn did not present the issue in terms of the prosecution's failure to disclose exculpatory evidence or discuss his alleged innocence. (Mtn. to Dismiss ¶ 10.). In addition, to the extent that Wilburn intended his claim of inaccuracies in the PSI report to be an independent basis for relief, the respondent contends that Wilburn has also failed to exhaust his state court remedies as to that claim.

The Wisconsin Court of Appeals states the issues raised by Wilburn as follows:

> On appeal, Wilburn contends that his guilty plea was not voluntary because the assistant district attorney was a witness to his arrest and his own counsel had a conflict of interest.

(Mtn. to Dismiss Ex. E at 1.). The court goes on to state that Wilburn's claim fails to demonstrate prejudice—specifically, Wilburn did not show that he would have proceeded to trial rather than plead guilty to the charged offenses if he had known about the assistant district attorney's involvement in his arrest. The court also rejected Wilburn's argument based on his counsel's failure to investigate because Wilburn did not show that investigation would have altered the outcome of a trial. And finally, the

court also rejected Wilburn's conflict of interest claim because Wilburn did not explain how his attorney's former representation of a witness led to his guilty plea. Based on the foregoing, the Court of Appeals denied Wilburn's motion for relief and summarily affirmed the decision of the trial court.

Based on the issues discussed in the Court of Appeals decision, it is clear that Wilburn has not previously claimed that the prosecution failed to disclose allegedly favorable evidence of a recording of the events leading to his arrest. Wilburn has not previously addressed entrapment or his actual innocence and has not cited inaccuracies in the PSI report. Therefore, in light of this court's prior order and Wilburn's letter to the court stating that he does not wish to pursue his unexhausted claims, these claims shall not be addressed further. Thus, this court's review is limited to Wilburn's claim that he was denied effective assistance of counsel.

To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that the Wisconsin court's decision was either contrary to, or the based on an unreasonable application of, federal law. Williams v. Davis, 301 F.3d 625, 631 (7th Cir. 2002) (applying § 2254(d)(1) standards). The applicable federal law governing ineffective assistance claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires the petitioner to show: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) the deficient performance caused him prejudice. 466 U.S. at 687-88 (1984); Roche v. Davis, 291 F.3d 473, 481-82 (7th Cir.2002); Montenegro v. United States, 248 F.3d 585, 590 (7th Cir. 2001). Courts review counsel's performance under the first prong deferentially, presuming reasonable judgment unless the factual record rebuts such a presumption. See Strickland, 466 U.S. at 689; Matheney v. Anderson, 253 F.3d 1025, 1039 (7th Cir.2001).

With regard to the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See

Strickland, 466 U.S. at 689; Matheney, 253 F.3d at 1039-40. If the court finds that the counsel's alleged deficiency did not prejudice the defendant, under the second prong, the court does not need to consider the first prong of the Strickland test. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

With respect to his claim that his trial counsel was ineffective for failing to seek the withdrawal of the prosecuting attorney on the basis that she was a witness to the crime, the circuit court noted that Wilburn failed to present any factual basis to support his belief that the prosecutor was a witness, or to allege any defenses or circumstances that could occur at trial that may make it necessary for the prosecutor to be a witness at the trial. (Ans. Ex. B.)

As for Wilburn's second claim, the circuit court noted that three years earlier, Wilburn's trial counsel represented a potential witness in an unrelated matter. (Ans. Ex. B.) The trial court noted that this factually and temporally unrelated representation would not form the basis for disqualification under rules of attorney ethics and that Wilburn failed to demonstrate that this relationship was unreasonable or prejudiced him in any way. (Ans. Ex. B.) Therefore, the trial court found that Wilburn was not denied effective assistance of counsel.

In light of the fact that Wilburn offered essentially no facts to support a claim that any of the allegedly unreasonable acts resulted in prejudice to him, the Court of Appeals denied his appeal. (Ans. Ex. E at 2-3.)

As explained above, a federal court's authority to review the convictions of persons convicted in state court is extremely limited and the standard that the petitioner must meet is high. Having reviewed Wilburn's pleadings in this matter as well as the record of the state court proceedings, the court is unable to say that the Court of Appeals' denial of Wilburn's appeal with respect to his claim that he was denied the effective assistance of counsel was contrary to or involved an unreasonable application of federal law as determined by the Supreme Court, specifically Strickland and the progeny

thereof. In the absence of evidence to support his claim, it was reasonable for the Court of Appeals to conclude that Wilburn failed to demonstrate that any allegedly unreasonable conduct on the part of his trial counsel did not result in prejudice. Therefore, Wilburn is not entitled to federal habeas relief and his petition shall be denied.

**IT IS THEREFORE ORDERED** that Wilburn's petition for a writ of habeas corpus is **denied**. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2007.

BY THE COURT:

s/Aaron E. Goodstein
AARON E. GOODSTEIN
U.S. Magistrate Judge